Anthony P. Consiglio, Esq.
NJ Bar # 465412024
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel: (516) 248-5550
Fax: (516) 248-6027
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSELIO ALVAREZ, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>PLANNED BUILDING SERVICES, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>**Docket No.: 1:26-cv- 3973**<br><br>Jury Trial Demanded |

ROSELIO ALVAREZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PLANNED BUILDING SERVICES, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 141-1.4; (iii) the NYLL's requirement that employers pay all wages owed to their employees who perform manual work on at least as frequently as a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers pay their employees all of their earned wages in full and without deduction, NYLL § 193; (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendant is a New Jersey corporation that provides building services to residential and commercial buildings throughout the United States. Plaintiff worked for Defendant as a porter at two neighboring residential buildings in the Bronx, New York, from October 18, 2022, until November 21, 2025. As described below, throughout his employment, Defendant scheduled Plaintiff to work forty-two and one-half hours per week, over the course of five days, with what was supposed to be a thirty-minute meal break each day, and paid Plaintiff on an hourly basis for forty hours of work. However, in practice, Plaintiff was only permitted to take his meal break once per week, meaning that he worked two hours a week in excess of his scheduled forty hours and Defendant did not pay him at all for that time. Additionally, Defendant routinely required Plaintiff to start his shift early, thereby requiring him to work hours outside his scheduled shifts, all of which were generally over forty hours in a week, and did not pay him at all for this pre-shift work either. Thus, Defendant failed to pay Plaintiff at any rate, let alone at his overtime rate of one and one-half times his regular rate, for the hours that he worked over forty in a week, in

violation of the overtime provisions of the FLSA and the NYLL, which also constituted not paying Plaintiff all of his earned wages in a timely manner and taking unlawful deductions from Plaintiff's earned wages, in violation of the NYLL.

3. Moreover, Defendant failed to pay Plaintiff all of his earned wages on at least as frequently as a weekly basis, paying him bi-weekly instead, in further violation of Section 191(1)(a) of the NYLL.

4. Furthermore, Defendant violated the NYLL by failing to provide Plaintiff with any wage notice at the time of his hire or with an accurate wage statement on each payday.

5. Defendant paid and treated all of its hourly-paid non-managerial building services employees, excluding superintendents, in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who worked in New York and opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under state law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this District in that it is a New Jersey corporation with its principal place of business in New Jersey, and is thus subject to the Court's general personal jurisdiction over it.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant was and is a New Jersey corporation with its principal place of business located at 150 Smith Road, Parsippany, New Jersey 07054.

12. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and provides services throughout the country, including in, at least, New York and New Jersey. The combination of these factors subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA,

29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly-paid, non-managerial building services employees, excluding superintendents, who during the applicable FLSA limitations period, performed any work for Defendant, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. At all relevant times herein, Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendant is and has been aware of the requirement to pay its hourly-paid non-managerial building service employees, other than superintendents, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so. Indeed, Plaintiff lodged numerous complaints to his supervisors that Defendant was not paying him overtime pay in accordance with the law, but Defendant continued not to pay Plaintiff overtime compensation for all hours worked over forty in a week.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendant has subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former hourly-paid, non-managerial building services employees, excluding superintendents, who during the applicable NYLL limitations period, performed any work for Defendant in New York ("Rule 23 Plaintiffs").

**Numerosity**

20. During all times applicable to the NYLL, Defendant has employed, in total, at least forty employees that are putative members of this class.

**Common Questions of Law and/or Fact**

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Defendant required

and requires each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendant has properly compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendant compensated and compensates the Rule 23 Plaintiffs with all of their earned wages in full and in a timely manner; (5) whether Defendant has failed to pay the Rule 23 Plaintiffs all of their earned wages in full and without deduction; (6) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with an accurate wage notice upon hire that contains the information that NYLL § 195(1) requires; (7) whether Defendant furnished and furnishes the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (8) whether Defendant kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (9) whether Defendant kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (10) whether Defendant maintains any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

**<u>Typicality of Claims and/or Defenses</u>**

22. As described in the "Background Facts" section below, Defendant has employed Plaintiff and Rule 23 Plaintiffs as hourly-paid non-managerial building services employees, not as superintendents. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendant, in New York, yet Defendant has failed to: pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a week;

compensate them with all of their earned wages in full and in a timely manner; pay them for all hours worked each week in full and without deduction; provide them with an accurate wage notice at the time of hire; and provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, to be paid in full and in a timely manner, to be paid in full and without deduction for all wages due each week, to be furnished with an accurate wage notice upon hire, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

**Adequacy**

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant did not pay Plaintiff overtime pay for all of his hours worked over forty in a week, did not pay him all of his earned wages in full and in a timely manner, did not pay him for all hours worked per week in full and without deduction, did not furnish him with an accurate wage notice upon hire, and did not furnish him with an accurate wage statement on each payday, which is substantially-similar to how Defendant has paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendant and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath

and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

**Superiority**

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any hourly-paid non-managerial building services employee of Defendant, excluding superintendents, for the same violations alleged herein, would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

28. At all relevant times herein, Defendant was and is a New Jersey corporation that provides building services to residential and commercial buildings throughout the United States, including in, at least, New Jersey, New York, Pennsylvania, and California.

29. Plaintiff worked for Defendant at two neighboring residential buildings, 2385 and 2395 Third Avenue, Bronx, New York 10033, splitting his time evenly between the two locations, from October 18, 2022, through November 21, 2025, as a porter.

30. In this role, Plaintiff's primary job duties involved sweeping and mopping floors,

collecting trash and recyclables, courtyard maintenance, and other general building maintenance tasks. Well more than twenty-five percent of his work, and indeed virtually one hundred percent of his work, required Plaintiff to perform manually laborious tasks such as these. Plaintiff reported to each building's superintendent.

31. Throughout Plaintiff's employment, Defendant scheduled Plaintiff to work, and Plaintiff did work, five days per week, from 7:00 a.m. to 3:30 p.m., with what was supposed to be a thirty-minute break during each shift. However, in practice, Plaintiff was only permitted to take his thirty-minute break approximately one time per week. Furthermore, in addition to those regularly-scheduled hours, Defendant routinely required Plaintiff to start his shift early, around 6:15 a.m. Thus, Plaintiff usually worked a total of forty-five and three-quarter hours per week.

32. In exchange for his work, Defendant paid Plaintiff on an hourly basis, from the beginning of his employment until January 2023, at the regular rate of $22.00, from then until January 2024 at the regular rate of $30.00, from then until in or around September 2025 at the regular rate of $37.00, and from then until the end of his employment at the regular rate of $42.00, for only Plaintiff's first forty hours of work in a week.

33. Thus, throughout his employment, Defendant did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, which should have been $33.00 from the beginning of his employment until January 2023, $45.00 from then until then until January 2024, $55.50 from then until in or around September 2025, and $63.00 from then until the end of his employment, for any hours that he worked over forty in a week.

34. By way of example only, for the week of June 12 to June 18, 2023, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule, with one thirty-minute break during his Friday shift and no breaks during his other shifts:

Monday, June 12, 2023: off;

Tuesday, June 13, 2023: 6:15 a.m. to 3:30 p.m.;

Wednesday, June 14, 2023: 6:15 a.m. to 3:30 p.m.;

Thursday, June 15, 2023: 6:15 a.m. to 3:30 p.m.;

Friday, June 16, 2023: 6:15 a.m. to 3:30 p.m.;

Saturday, June 17, 2023: 6:15 a.m. to 3:30 p.m.; and

Sunday, June 18, 2023: off.

Accordingly, Plaintiff worked a total of forty-five hours and forty-five minutes during this week. In exchange, Defendant paid Plaintiff for only forty hours of work at his regular hourly rate of $30.00. Defendant did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, which should have been $45.00, for the five hours and forty-five minutes that Plaintiff worked in excess of forty during this week.

35. By way of a second example, for the week of October 13 through October 19, 2025, Defendant required Plaintiff to work, and Plaintiff did work, the following schedule, with one thirty-minute break during his Wednesday shift and no breaks during his other shifts:

Monday, October 13, 2025: off;

Tuesday, October 14, 2025: 6:15 a.m. to 3:30 p.m.;

Wednesday, October 15, 2025: 6:15 a.m. to 3:30 p.m.;

Thursday, October 16, 2025: 6:15 a.m. to 3:30 p.m.;

Friday, October 17, 2025: 6:15 a.m. to 3:30 p.m.;

Saturday, October 18, 2025: 6:15 a.m. to 3:30 p.m.; and

Sunday, October 19, 2025: off.

Accordingly, Plaintiff worked a total of forty-five hours and forty-five minutes during this week. In exchange, Defendant paid Plaintiff for only forty hours of work at his regular hourly rate of $42.00. Defendant did not pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate, which should have been $63.00, for the five hours and forty-five minutes that Plaintiff worked in excess of forty during this week.

36. Defendant did not provide Plaintiff with any wage notice at his time of hire, let alone a notice that accurately contained, *inter alia*: his regular and overtime rates of pay; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

37. Defendant paid Plaintiff on a bi-weekly basis throughout his employment.

38. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked that week, his overtime rate of pay, and his overtime wages owed. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

39. Defendant has acted in the manner described herein to maximize its profits while minimizing its labor costs and overhead.

40. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the FLSA*

42. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

45. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

46. Defendant willfully violated the FLSA.

47. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the NYLL and the NYCRR*

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. NYLL § 160 and 12 NYCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL and the NYCRR.

52. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## **THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Timely Wages in Violation of the NYLL*

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 191(1)(a) requires that employers pay their manual worker employees all wages owed on at least as frequently as a weekly basis.

57. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are manual worker employees within the meaning of the NYLL.

58. As also described above, Defendant has failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, all wages owed on at least as frequently as a weekly basis.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unlawful Deductions in Violation of the NYLL*

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then, only upon obtaining that employee's express written consent.

62. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are employees within the meaning of the NYLL.

63. As also described above, Defendant made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are entitled to compensation for the amount of money that Defendant unlawfully deducted from their wages.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's unlawful deduction provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**

*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

68. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL.

69. As also described above, Defendant, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

70. Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**

*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

73. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL.

74. As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, with a wage statement that accurately contained the criteria that the NYLL requires.

75. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

76. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and his counsel as collective/class action representatives under the FLSA and the FRCP;

g. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j. Awarding pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
April 15, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

ANTHONY P. CONSIGLIO, ESQ.
(465412024)
NOAH M. PAGE, ESQ.
(*application for pro hac vice admission forthcoming*)
MICHAEL J. BORRELLI, ESQ.
(*application for pro hac vice admission forthcoming*)